UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA – BRYSON CITY DIVISION

| | |
|---|---|
| ROBERT STEWART, an individual, and others similarly situated,<br><br>                Plaintiff,<br><br>vs.<br><br>LEGAL HELPERS DEBT RESOLUTION, PLLC, a Nevada limited liability company; MACEY, ALEMAN, HYSLIP & SEARNS, an Illinois general partnership; CDS CLIENT SERVICES, INC., a California corporation; JEFFREY HYSLIP, an individual; LINDA CAROL, an individual,<br><br>                Defendants. | CASE NO. 2:11 cv 26<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1441, 1446, and the Class Action Fairness Act of 2005 ("CAFA"), as codified in 28 U.S.C. §§ 1332(d) and 1453, and with full reservation of all defenses, Defendants Legal Helpers Debt Resolution, PLLC ("LHDR"), Macey, Aleman, Hyslip & Searns ("MAHS"), CDS Client Services, Inc. ("CDS"), Jeffrey Hyslip ("Hyslip") and Linda Carol ("Carol") (collectively "Defendants") hereby remove this action from the Superior Court of Macon County, North Carolina to the United States District Court for the Western District of North Carolina. In support of this Notice of Removal, Defendants state the following:

**Basis for Jurisdiction**

1. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1332(d), 1441 and 1453. This action for monetary relief could have been filed originally in this Court pursuant to 28 U.S.C. § 1332(d)(2) because it is a putative class action wherein at least one Plaintiff is a citizen of a State different from at least one Defendant, and the amount in controversy exceeds $5,000,000 in the aggregate.

**Background**

2. On June 9, 2011, Plaintiff filed his class action complaint ("Class Action Complaint") against Defendants in the Superior Court of Macon County, North Carolina and with the above caption. The ten-count Class Action Complaint arises out of Plaintiff's alleged purchase of debt resolution services from LHDR. Plaintiff seeks to represent a class of North Carolina residents, from June 9, 2007 to the present, who entered into contracts with LHDR which purport to be contracts for legal services and who paid "advance fees" for LHDR's services (Compl. ¶ 14) (the Class Action Complaint is attached hereto as Exhibit "1").

**This Case is a "Class Action" under CAFA**

3. This case is a putative "class action" as defined by 28 U.S.C. § 1332(d)(1)(B). (Compl. ¶ 2). According to 28 U.S.C. § 1332(d)(1)(B), the term "class action" means any civil action filed under Rule 23 of the Federal Rules of

Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by one (1) or more representative persons as a class action.

4. According to the Class Action Complaint, Plaintiff alleges that class certification is appropriate pursuant to N.C.G.S §1A-1 Rule 23 which is North Carolina's procedural rule authorizing an action to be brought by one (1) or more representative persons as a class action. Accordingly, this action classifies as a class action under by 28 U.S.C. § 1332(d)(1)(B).

**The CAFA Requirements are Met**

5. Federal district courts have original jurisdiction over any purported class action in which (i) any member of a class of plaintiffs is a citizen of a State different from any defendant and (ii) the amount in controversy exceeds $5,000,000 in the aggregate. *See* 28 U.S.C. § 1332(d)(2). Each of these requirements is satisfied in this case.

**Diversity Requirement**.

6. The diversity requirement is met here.

    a. **Citizenship of Plaintiff**. Plaintiff, the proposed class representative, is a resident of Macon County, North Carolina. (Compl. ¶ 6).

    b. **Citizenship of Defendants**.

        1) LHDR is a Nevada limited liability company with its principal place of business in Illinois. (Compl. ¶ 7) (*See* the Declaration of

Jason Searns, General Counsel of LHDR, ¶ 2, which is attached hereto as Exhibit "2").

2) MAHS is an Illinois general partnership with its principal place of business in Illinois. (Compl. ¶ 8).

3) Hyslip is an individual residing in Illinois. (Compl. ¶ 9).

4) CDS is a California corporation with its principal place of business in California. (Compl. ¶ 10).

5) Carol is an individual residing in North Carolina. (Compl. ¶ 11).

Consequently, Plaintiff, the purported class representative, is a citizen of a state different from at least one Defendant. Specifically, Plaintiff, a citizen of North Carolina, is diverse from MAHS is an Illinois general partnership with its principal place of business in Illinois. Thus, because at least one Plaintiff and one Defendant are citizens from different states, the diversity requirement is met.[1]

**Amount in Controversy.**

7. Because Plaintiff did not plead a specific amount of damages, Defendants bear the burden of proving that the amount in controversy exceeds

---

1. *See Johnson v. Advance Am.,* 549 F.3d 932, 936 (4th Cir. 2008) ("Thus, to establish minimal diversity under CAFA, Advance America must demonstrate that 'any member of [the] class of plaintiffs is a citizen of a State different from any defendant.'") (citing 28 U.S.C. § 1332(d)(2)(A)).

4

$5,000,000 by a preponderance of the evidence.[2] Based on the factual allegations of the Class Action Complaint and the Notice of Removal, construed as true for the purposes of assessing removal jurisdiction, the amount in controversy exceeds $5,000,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2).[3]

8. In Count III, the Class Action Complaint seeks damages, *inter alia*, for each class member based on certain alleged unfair or deceptive acts pursuant to N.C. Gen. Stat. 75, *et seq*. (Compl. ¶¶ 66-71). More specifically, Plaintiff seeks actual damages (or for the loss or injury suffered), treble damages in the amount of three times the actual damages and attorneys' fees. (Compl., Demand for Relief ¶ 71).

9. Assuming Plaintiff's claim is representative of the class he purports to represent (*See* Compl. ¶ 15), the amount in controversy exceeds CAFA's jurisdictional threshold by a preponderance of the evidence. According to the Class Action Complaint, Plaintiff alleges that he has paid a total sum of $8,658.36. (Compl. ¶ 51). Plaintiff's actual damages, at a minimum, as alleged to include the fees paid for Defendants' services. From June 2007 to the present, LHDR has

---

2. *See Anthony v. Service Corp. Intern,* 2011 WL 1343195, * 3 (W.D.N.C., March 18, 2011) citing *Bartnikowski v. NVR, Inc.*, 307 F. App'x 730, 734 (4th Cir.2009).

3. *Id*., citing *Dash v. FirstPlus Home Loan Owner Trust 1996–2*, 248 F.Supp.2d 489, 498–99 (M.D.N.C.2003) ("When the amount of damages a plaintiff seeks is unclear, the court may look at the entire record, including the complaint, the removal petition and affidavits and make an independent evaluation as to whether or not the jurisdictional amount is in issue.").

contracted with over five-hundred seventy-eight (578) clients in North Carolina. (*See* Searns Decl, ¶ 3).

10. Multiplying the representative sum of fees paid to Defendants per class member ($8,658.36) by five-hundred seventy-eight (578), or the prospective class members, this total equals $5,004,532.08, above the jurisdictional threshold of CAFA.

11. Moreover, other remedies for a N.C. Gen. Stat. 75, *et seq*. claim include treble damages and attorneys' fees. When calculating the amount in controversy, courts may include statutory damages and attorneys' fees awards in the jurisdictional calculation.[4] Even if Plaintiff's minimum actual damages of $8,658.36 is not representative of the class he purports to represent, in light of the Court's ability to treble an actual damages award and include Plaintiff's attorneys' fees under N.C. Gen. Stat. 75, *et seq*., the available statutory damages greatly exceed the jurisdictional threshold of this Court by a preponderance of the evidence.[5]

---

4. The Fourth Circuit test for calculating the amount in controversy is "the pecuniary result to either party which [a] judgment would produce." *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002).

5. Of course LHDR does not admit that Plaintiff is an appropriate class representative or that Plaintiff, or the class he seeks to represent, would be entitled to damages that meet or exceed $5,000,000; but that is not the standard. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d. 744, 751 (11th Cir. 2010), citing, *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation.").

12. For example, if the average amount of the actual damages for the putative class equals half of Plaintiff's minimum actual damages, or $4,329.18, after trebling this amount for each of the prospective class members, the total prospective amount at issue would equal $7,506,798.12.

**No Exceptions to Diversity Jurisdiction Apply**

10. Furthermore, diversity jurisdiction exists and removal is proper because the exceptions set forth in 28 U.S.C. § 1332(d)(4)(A) & (B) do not apply.

**Pleadings and Process.**

11. As required by 28 U.S.C. § 1446(a), Defendants have attached copies of all state court process and pleadings to this Notice of Removal. *See* Composite Exhibit "3".

**Notice Given.**

12. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiff's counsel, and a copy will be promptly filed with the Clerk of the Superior Court, Macon County, North Carolina pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal to Federal Court is attached as Exhibit "4".

**Removal is Timely Filed.**

13. This Notice has been timely filed within thirty (30) days of service of process or the date Defendants otherwise received the Complaint and Summons,

and within one year after commencement of the action, as allowed by 28 U.S.C. § 1446(b). CDS, the first-served Defendant, was served with the process of the claim on June 20, 2011 and LHDR otherwise received the Complaint and Summons on this date. Pursuant to 28 U.S.C. § 1446(b), Defendants file this Notice of Removal within thirty (30) days of June 20, 2011.

**Venue.**

14. Venue in this district is proper pursuant to 28 U.S.C. § 1446(a) because this action is currently pending in the Superior Court of Macon County, North Carolina which lies in the United States District Court for the Western District of North Carolina.

**Non-Waiver of Defenses.**

15. Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter, including without limitation, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**ACCORDINGLY**, this Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, and Defendants hereby remove this action from the Superior Court of Macon County, North Carolina to this Court.

Respectfully submitted, this the 11th day of July.

/s/ Mark C. Kurdys
Mark C. Kurdys
N.C. Bar No. 13374
ROBERTS & STEVENS, P.A.
Post Office Box 7647
Asheville, N.C. 28802
(828) 252-6600
mkurdys@roberts-stevens.com

Richard W. Epstein
Florida Bar No. 229091
Rebecca F. Bratter
Florida Bar No. 685100
GREENSPOON MARDER, P.A.
Trade Centre South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309
954.491.1120 (Telephone)
954.343.6958 (Fax)
Richard.Epstein@gmlaw.com
Rebecca.Bratter@gmlaw.com
*Admission pro Hac Vice Pending*

*Attorneys for Defendants*

9

# **CERTIFICATE OF SERVICE**

This is to certify that the undersigned has this date served the foregoing *Notice of Removal* in the above entitled action upon all parties to this cause by U.S. Mail and/or the ECF electronic notification system to the attorney(s) of record as listed:

| | |
|---|---|
| Stuart Sloan, Esquire | Victor H. Perry |
| 53 E. Main St., Suite B | Clerk of Superior Court |
| Franklin, NC 28734 | Macon County Courthouse |
| *Attorney for Plaintiff* | P.O. Box 288 |
| | Franklin, NC 28744 |

THIS the 11th day of July, 2011.

ROBERTS & STEVENS, P.A.

s/ Mark C. Kurdys
NC Bar Number 13374
*Attorney for Plaintiff*
Post Office Box 7647
Asheville, N.C. 28802
Telephone: (828) 252-6600
Facsimile: (828) 253-7200
E-mail: mkurdys@roberts-stevens.com

10