UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA-BRYSON CITY DIVISION

Plaintiffs,

ROBERT STEWART, an individual,
and others similarly situated.

Vs.                                                    Case No. 2:11 cv 26

Defendants,

LEGAL HELPERS DEBT RESOLUTION, PLLC,
a Nevada limited liability company;
MACEY, ALEMAN, HYSLIP & SEARNS, an
Illinois general partnership;
CDS CLIENT SERVICES, INC., a California
corporation;
JEFFREY HYSLIP, an individual;
LINDA CAROL, an individual.
_____/

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

The Plaintiff files this brief in support of his Motion for Partial Summary Judgment. All references to "Exhibit 1" are references to Exhibit 1 filed with the Plaintiff's Motion for Partial Summary Judgment.

### I. STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P.; *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986). The movant may support his factual assertions with citations to materials consisting of depositions, documents,

1

electronically stored information, affidavits or declarations, admissions or other materials that would be admissible in evidence. Rule 56(c), Fed.R.Civ.P. The moving party has the burden of production to show that there are no genuine issues for trial, and upon meeting that burden, the non-moving party must come forward with specific facts showing a genuine issue for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). Where the non-moving party does come forward with specific material facts, the essence of the question posed by a summary judgment motion is whether evidence presented is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). A motion for summary judgment may be brought at any time until thirty days after the close of all discovery. Rule 56(b), Fed.R.Civ.P.

## II. LHDR's CONTRACT FOR DEBT ADJUSTING WAS ILLEGAL IN NORTH CAROLINA

**A) Facts**

Legal Helpers Debt Resolution, LLC ("LHDR") is a Nevada limited liability company which represents itself to be a law firm providing legal services. Doc. No. 1-1, p. 27; Doc. No. 5-2, pages 1-2, Exhibit 1, pp. 8-9. LHDR entered into a contract with the Plaintiff Robert Stewart ("Stewart") on June 1, 2010 for the express purpose of "...negotiat[ing] and attempt[ing] to enter into settlements with creditors..."of Stewart, hereinafter, the "Contract". Doc. No. 1-1, p. 27, paragraph III. Under the Contract, Stewart agreed to pay the sum of $721.53 monthly in advance. Doc. No. 1-1, p. 28; Exhibit 1, pp. 2 and 19. For the first three months of payment, $216.67 of each monthly payment was paid to LHDR.[1] Doc. No. 1-1, p. 28. After the first three months, $50 out of each monthly payment was paid to LHDR. Doc. No. 1-1, p. 28; Exhibit 1,

---

[1] Such amount is the sum of the $166.67 attributable to the flat fee retainer and $50 attributable to the monthly maintenance fee.

pages 2 and 19.  LHDR is not an individual and is not an organization which is paid no more than nominal consideration for debt management services.  Doc. No. 5-3, page 1; Doc. No. 1-1, p. 28.  *See § 14-426(7)(c), N.C.G.S.*

LHDR was not authorized to engage clients in North Carolina as a law firm or a professional organization prior to May 4, 2011 which is the date when it first obtained a certificate of authority from the N.C. Secretary of State.  Doc. No. 5-5, p. 1.  Jeffrey Hyslip is an attorney, who is associated with LHDR as a member, manager, and agent, who is not licensed to practice law in North Carolina, and who provided professional legal services to Stewart prior to May 4, 2011.  Doc. No. 5-4, p. 2; Exhibit 1, p. 21; Doc. No. 1-1, page 30; Doc. No. 5-1, p. 1.  No individual attorney licensed to practice law in North Carolina actively participated in the matter of Stewart's debt settlement pursuant to the Contract.  Exhibit 1, pp. 1 and 21.  Not one manager of LHDR is a licensee of the North Carolina Bar.  See Doc. No. 5-2, pp. 1-2; Doc. No. 5-4, p. 2; Doc. 5, p. 1.

**B) Discussion**

    **i. LHDR performed debt adjusting**

The North Carolina General Statutes defines debt adjusting as "the business or practice of any person who holds himself out as acting or offering or attempting to act for consideration as an intermediary between a debtor and his creditors for the purpose of settling, compounding, or in any way altering the terms of payment of any debt of a debtor, and to that end receives money or other property from the debtor, or on behalf of the debtor, for the payment to, or distribution among, the creditors of the debtor." § 14-423(2), N.C.G.S.  Debt adjusting also includes the receipt of fees in advance of the completion of debt settlement services.  *Id.*  LHDR acted and

Case 2:11-cv-00026-MR -DLH   Document 8   Filed 07/26/11   Page 3 of 11

offered to act as an intermediary between Stewart and his creditor for the purpose of altering the terms of payment of Stewart's debt. Doc. No. 1-1, pp. 27-32; Exhibit 1, pp. 8-9. LHDR received money through the monthly payments Stewart made pursuant to the Contract, which was an advance fee prior to the completion of the agreed debt settlement services. Doc. No. 1-1, p. 28; Exhibit 1, pp. 2 and 19. Therefore, LHDR performed acts of debt adjusting by the fact of entering into and beginning performance under the Contract for Stewart in North Carolina.

### ii. LHDR is a debt adjuster

Performing debt adjusting in North Carolina is not illegal if the party performing the debt adjusting activities is not a statutorily defined debt adjuster and therefore exempt from the prohibition of debt adjusting. A debt adjuster is an individual, firm, corporation or association which engages in or attempts to engage in the practice or business of debt adjusting. § 14-423(1), N.C.G.S. Certain individuals and organized entities are not debt adjusters according to North Carolina law; such individuals include attorneys-at-law licensed to practice in North Carolina. § 14-426(6), N.C.G.S.

Organized entities, as opposed to individuals, who are not deemed debt adjusters in North Carolina are firms, partnerships, limited partnerships, associations, and corporations which qualify under the following descriptions:

    a). an organization acting pursuant to court order or judgment of a court, or pursuant to law;

    b). an organization who is a creditor of the debtor whose adjusting services are rendered without cost to the debtor;

4

c). an organization who makes a loan to the debtor and in connection with such loan acts as an adjuster of the debtor's debts without compensation for such adjusting;

d). an organization which performs a casual or intermittent adjustment of a debtor's debts which organization does not hold itself out or does not engage in the business of debt adjusting;

e). an organization that provides credit counseling, education and debt management services to debtors if the organization receives $40 or less per month in consideration for its services, and which organization is accredited by an accrediting organization that the Commissioner of Banks approves.[2]

§§14-423(4) and 14-426(7), N.C.G.S.

The exemption provided in section 14-426(6) to attorneys-at-law applies to individuals only. § 14-426(6) ("The following individuals or transactions shall not be deemed debt adjusters...(6) An attorney-at-law licensed to practice in this State..."). LHDR is not an individual attorney licensed to practice law in North Carolina. Accordingly, it cannot be exempt from the provisions of section 14-423, *et. seq.* N.C.G.S. as an attorney-at-law.

Even if the Court were to interpret section 14-426(6) broadly and include organizations and associations licensed to practice law in North Carolina, prior to May 4, 2011, LHDR was not a foreign professional limited liability company authorized to practice law in North Carolina. *See* §§ 55B-16; 55B-10; 57C-2-01(c); N.C.G.S.; and Regulation .0201, Section .0200, Subchapter E, Administrative Rules of the North Carolina Bar. Prior to May 4, 2011, LHDR had

---

2   According to the North Carolina Commissioner of Bank's website at http://www.nccob.org/public/ConsumerInformation/FAQs/CIFAQ.aspx the organizations which are approved as accrediting agencies for debt adjusters are BSI Management Systems, BVQI (Bureau Veritas Group) and Council on Accreditation. It appears LHDR is not accredited by any of these organizations.

not obtained a certificate of registration from the North Carolina Bar authorizing its practice of law as an interstate law firm. Doc. No. 5-5, pp. 1 and 4. However, Stewart urges the interpretation consistent with section 14-426, N.C.G.S. read as a whole, that even with a proper registration, LHDR is not a narrowly defined organized entity which is not deemed a debt adjuster under North Carolina law. *See* section 14-426(7), N.C.G.S. Accordingly, LHDR cannot be exempt from the provisions of section 14-423, *et.* seq., N.C.G.S., as an entity whether registered or not as an interstate law firm. LHDR is a debt adjuster under North Carolina law, and therefore the Contract for debt adjusting is an illegal contract.

### iii. LHDR practiced law illegally in North Carolina

It is unlawful in North Carolina for any person or association of persons, except active members of the Bar of the State of North Carolina admitted and licensed to practice as attorneys-at-law, to hold himself or themselves as being engaged in advising or counseling in law, or in furnishing the services of a lawyer or lawyers. § 84-4, N.C.G.S. Such a prohibition does not apply to corporations authorized to practice law under the provisions of Section 55B, N.C.G.S. *Id.* Foreign corporations or foreign limited liability companies may be authorized to practice law under section 55B, N.C.G.S., but such an entity may not open, operate or maintain an establishment which practices law in North Carolina prior to obtaining a certificate of registration from the North Carolina Bar and a certificate of authority from the North Carolina Secretary of State. *See* §§55B-16, 55B-10, 55B-4 N.C.G.S., and Regulation .0103, Section .0100, Subchapter E of the Administrative Rules of the North Carolina Bar.

However, prior to May 4, 2011, LHDR, a foreign limited liability company, was not authorized under section 55B, N.C.G.S. to practice law in North Carolina. LHDR did hold

6

Case 2:11-cv-00026-MR -DLH   Document 8   Filed 07/26/11   Page 6 of 11

itself out as being engaged in the practice of law, and endeavored to provide legal representation to Stewart on and after June 1, 2010 by and through the Contract. Doc. 1-1, pp. 27-32; Exhibit 1, pp. 8-9. Therefore, LHDR's entering into the Contract with Stewart was illegal independent of the debt adjusting nature of the Contract.

In addition, LHDR's registration to practice law as a foreign professional limited liability company is invalid because it does not qualify for a certificate of authority under section 55B-16, N.C.G.S. At least one manager of a foreign professional limited liability company must be authorized to practice law in North Carolina. §§ 55B-16(2); 55B-12; 57C-2-01, N.C.G.S; and Regulation .0104 (a), Section .0100, Subchapter E, Administrative Rules of the North Carolina Bar. However, not one manager of LHDR is a licensee of the North Carolina Bar. *See* Doc. No. 5-2, pp. 1-2; Doc. No. 5-4, p. 2; Doc. 5, p. 1.

Finally, LHDR violated North Carolina law when it rendered professional legal services by the Contract through Jeffrey Hyslip, an attorney not licensed to practice law in North Carolina. *See §* 55B-8, N.C.G.S; Doc. No. 5, p. 1; Doc. No. 5-1, p. 1. Mr. Hyslip's signature on the Contract, his signature on a "Letter of Representation" and his designation as the Plaintiff's attorney in fact, directly demonstrate LHDR's violation in this regard. Document 1-1, pp.30 and 41, and Exhibit 1, p. 4. Accordingly, even if LHDR were found to be exempt as an entity from the prohibition of debt adjusting in North Carolina, the Contract was for the illegal practice of law in North Carolina and its agreement with Stewart to provide legal services was therefore illegal independent of its debt adjusting subject matter.

7

## III. CDS CLIENT SERVICES, INC.'s AGREEMENT TO PROVIDE DEBT ADJUSTING THROUGH LHDR'S CONTRACT WAS ILLEGAL IN NORTH CAROLINA

**B) Facts**

CDS Client Services, Inc. ("CDS") transacted business in North Carolina pursuant to the Contract between Stewart and LHDR, by providing or agreeing to provide the following services to Stewart:

1. Negotiate with creditors and collectors; Doc. No. 1-1, p. 27, paragraph V.

2. Implement, manage and maintain a debt resolution plan; Doc. No 1-1, p. 28, paragraph VIII;

3. Settle individual debtor's accounts with creditors. Doc. No 1-1, p. 29, paragraph XII.

CDS ' total fee under the Contract was $6,456.87 and was paid by Stewart on a monthly basis in increments of $403.56 for each of the first four months and $345.90 for each month thereafter until the eighteenth month. Doc. No. 1-1, p. 28, paragraph VIII; Exhibit 1, p. 18.

**C) Discussion**

### i. CDS performed debt adjusting

The prohibition on debt adjustment applies to CDS' activities under the Contract because it provided or acquiesced in providing services in North Carolina under the Contract which was made and entered into in North Carolina. *See Tanglewood Land Co., Inc. v. Byrd*, 261 S.E. 2D 655 (N.C. 1980). For the same reasons that LHDR engaged in debt adjusting, CDS engaged in debt adjusting as well. *See supra,* II, B), i. CDS received money, an advance fee, through the monthly payments Stewart made pursuant to its contract with LHDR. Doc. No. 1-1, p. 28,

paragraph VIII; Exhibit 1, p. 18. CDS acted and/or offered to act as an intermediary between Stewart and his creditor for the purpose of altering the terms of payment of Stewart's debt. Doc. No. 1-1, pp. 27-29.

### ii. CDS is a debt adjuster

CDS is not an individual, but an organization. It does not qualify as an organization exempt from section 14-423, N.C.G.S. under section 14-426, N.C.G.S. It does not qualify as such for the sole, but not the only, reason that the fee it receives exceeds the maximum consideration permitted for exempt organizations. Section 14-426(7)c., N.C.G.S.

## IV. A CONRACT FOR AN ILLEGAL ACT IS VOID

Under North Carolina law, a contract to do an illegal act or for an illegal act is void and a "mere nullity". *McNeil v. Durham & C.R. Co.*, 47 S.E. 765, 766 (N.C. 1904). It does not require any disaffirmance to avoid it, and it cannot be ratified or made valid. *Id. ; see also, Cauble v. Trexler*, 42 S.E. 2D 77, 80 (N.C. 1947) (*"*An agreement which violates a provision of a statute or which cannot be performed without a violation of such provision is illegal and void.") When a contract is to do an act which is prohibited as a police regulation to protect the general public, an offending party in the transaction in violation cannot recover in quantum meruit or on the defense that the contract is not void *in toto*. *Courtney v. Parker,* 92 S.E. 324, 325 (N.C. 1917).

In this case, LHDR and CDS made a written agreement which could not be performed without a violation of the North Carolina law prohibiting debt adjusting or prohibiting the unauthorized practice of law. The law provides a criminal penalty for both debt adjusting and the unauthorized practice of law, and it is therefore an exercise of its police power designed to protect the public. *See,* §§ 14-424 and 84-8, N.C.G.S. These prohibitions are squarely designed

9

to protect consumers such as Stewart from the central purpose of the Contract with LHDR, which is debt adjusting and legal representation[3]. The illegality of the contract does not relate to an issue ancillary to the contract or outside of the intent of the legislative body proscribing the illegal acts. *Cf. Marriott Financial Services, Inc. v. Capitol Funds, Inc.*, 217 S.E. 2D 551, 555-7 (N.C. 1975). The illegality of debt adjusting permeates the entire Contract and it is therefore void as a whole. *In re Port Pub. Co.*, 57 S.E. 2D 366, 368 (N.C. 1950).

## V. CONCLUSION

LHDR and CDS were both debt adjusters who performed debt adjusting for the Plaintiff Robert Stewart in North Carolina. LHDR and CDS's performance or promise of performance of debt adjusting in exchange for an advance fee from the Plaintiff was illegal. In addition, LHDR practiced law without a license or authorization which was also illegal. The Contract under which LHDR and CDS performed debt adjusting as debt adjusters is void for illegality, and the Court should make such declaration concerning the validity of the Contract pursuant to section 1-254, N.C.G.S.

                                                     _/s Stuart Sloan_____
Stuart Sloan, Attorney for Plaintiff
53 E. Main Street, Suite B
Franklin, NC 28734
Telephone: (828) 634-1115
email: sloan.stu@gmail.com

---

[3] *See,* Session Laws and Resolutions for the State of North Carolina, p. 446-448, (1963) (describing the purpose of section 14-423, *et. seq,* N.C.G.S. in 1963 as the following: "Whereas ...[debt adjusting] practices have grown to such proportions that for the most part they have become a national menace by preying upon unfortunate people and harassed debtors, and those engaged in such practices, except for a few, have engaged in false advertising...have lured ignorant and unsuspecting people into executing contracts heavily loaded in their favor and have charged large fees..."

## CERTIFICATE OF SERVICE

       This is to certify that the undersigned has this date served the foregoing *Brief in Support of Plaintiff's Motion for Partial Summary Judgment* in the above entitled action upon all parties to this cause by U.S. Mail and/or the ECF electronic notification system for registered users to the attorney(s) of record as listed:

| | |
|---|---|
| Mark Kurdys, | Richard W. Epstein |
| Attorney for Defendants | Rebecca Bratter |
| Roberts and Stevens, P.A. | Attorneys for Defendants |
| PO Box 7647 | Greenspoon Marder, P.A. |
| Asheville, NC 28802 | Trade Centre South Suite 700 |
| | 100 West Cypress Creek Road |
| | Fort Lauderdale, FL 33309 |

                                           __/s Stuart Sloan_____
                                           Stuart Sloan, Attorney for Plaintiff
                                           53 E. Main Street, Suite B
                                           Franklin, NC 28734
                                           Tel. 828-634-1115
                                           Email:  sloan.stu@gmail.com