# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
### BRYSON CITY DIVISION

| | |
|---|---|
| ROBERT STEWART, an individual, and others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>LEGAL HELPERS DEBT RESOLUTION, PLLC, a Nevada limited liability company; MACEY, ALEMAN, HYSLIP & SEARNS, an Illinois general partnership; CDS CLIENT SERVICES, INC., a California corporation; JEFFREY HYSLIP, an individual; LINDA CAROL, an individual,<br><br>        Defendants. | CASE NO.: 2:11-CV-26<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Defendants Legal Helpers Debt Resolution, LLC[1] and Macey, Aleman, Hyslip & Searns (collectively "LHDR"), CDS Client Services, Inc. ("CDS"), Jeffrey Hyslip, and Linda Carol (collectively "Defendants") hereby submit[2] this Response in Opposition to Plaintiff Robert Stewart's ("Stewart") Motion for Partial Summary Judgment[3] (the "Motion"). Defendants respectfully request that this Court enter an Order denying the Motion, pursuant to Fed. R. Civ. P. 56(d)(3),

---

[1]. The correct designation is "LLC" and not "PLLC."

[2]. Defendants respond to this Motion because they are required to do so under the applicable local and federal rules. However, by responding to this Motion, Defendants do not waive their respective rights to move against, and respond substantively to, Stewart's Complaint under Rule 12(b) for lack of personal jurisdiction and failure to state a claim and to compel arbitration, which, as explained herein, are forthcoming from Defendants.

[3]. Reference to material in the record shall be made by Docket Entry number, in this case for instance, *see* Plaintiff's Motion DE 7.

Response in Opposition to
Motion for Partial Summary Judgment
*Stewart v. LHDR, et al*

because, as set forth in more detail *infra*, it is clearly and unequivocally premature and without adequate support, for at least three separate reasons.

First, as will be explained in Defendants' forthcoming dispositive motions, this Court lacks subject matter jurisdiction to hear Stewart's Motion because his claims are subject to binding arbitration. Second, Stewart's Complaint for Class Action ("Complaint") is subject to dismissal on several grounds under Fed. R. Civ. P. 12(b).[4] Third, the Plaintiff falls far short of meeting his burden of establishing an absence of genuine issues as to the material facts necessary to this Court's consideration of the relief requested; most of the "facts" asserted by Plaintiff's motion are not supported by affidavit or other admissible evidence

## I.      PROCEDURAL BACKGROUND

Stewart filed his Complaint on June 9, 2011 in the General Court of Justice, Superior Court Division of Macon County, North Carolina. Defendants timely removed the case to this Court on July 11, 2011, pursuant to 28 U.S.C. §§ 1441,

---

[4]      Indeed, because Defendants have yet to respond to the Complaint, they have not yet been able to raise their respective affirmative defenses. For instance, a law firm's purported violations of ethics rules and state bar ethics opinions is not a basis for civil liability under North Carolina law. *Laws v. Priority Trustee Services of N.C.*, LLC, 610 F. Supp. 2d 528, 530-31 (W.D. N.C. 2009). Likewise, Defendants, as members of a learned profession (law), are expressly exempt from North Carolina's Unfair and Deceptive Trade Practices Act. *Id.* at 532. Thus, Defendants have legitimate defenses sufficient to raise genuine issues of material fact which preclude entry of summary judgment in Stewart's favor. Defendants must be provided an opportunity to present their respective affirmative defenses.

Response in Opposition to
Motion for Partial Summary Judgment
*Stewart v. LHDR, et al*

1446, and the Class Action Fairness Act of 2005 ("CAFA"), as codified in 28 U.S.C. §§ 1332(d) and 1453.[5]

The crux of Stewart's Complaint is that the services Defendants provided to him, pursuant to the parties' written agreement, constitute illegal debt adjusting in the state of North Carolina and, thereby, constitute an Unfair and Deceptive Trade Practice. Defendants' respective responses to Stewart's Complaint are not due until September 9, 2011.

On July 22, 2011, eight days after counsel for Stewart had entered into a stipulation for extension (Doc. 2, struck by order, Doc. 10) under which Defendants would have until August 10, 2011 to respond to the Complaint, Stewart filed a Motion Requesting Judicial Notice (Doc. 5). That motion, to which Defendants have already responded to (Doc. 17), was premature at this early stage of the proceedings and was supported by no memorandum in support of Plaintiff's assertions that the matters for which judicial notice was sought were relevant or appropriate for judicial notice.

On July 26, 2011, still fifteen (15) days before Defendants were to respond to the Complaint, Stewart filed the instant Motion for Partial Summary Judgment, which is likewise premature and does not come anywhere close to establishing an absence of genuine issue as to material facts. Stewart's attempt to establish facts

---

5.     *See* Complaint DE 1-3.

3

Response in Opposition to
Motion for Partial Summary Judgment
*Stewart v. LHDR, et al*

subject to reasonable dispute by a bald request for judicial notice and to seek

summary disposition of his claims before any responsive pleading has been filed

should be denied.

## II.    ARGUMENT

Although permitted even at the commencement of a lawsuit,[6] an early filed

Rule 56 motion is an exception.[7] Here, Defendants have not yet filed a responsive

pleading or other paper, the Court has not yet even entered a pretrial/scheduling

order and no discovery has been conducted. For these reasons, and those argued

below, Stewart's Motion should be denied.

### A. Because this case should be compelled to arbitration pursuant to the parties' agreement which is attached to the Complaint, this Court lacks subject matter jurisdiction to decide the Motion.

In the Complaint, Stewart affirmatively alleges that he entered into an

Attorney Retainer Agreement ("ARA") with LHDR on or about June 1, 2010,[8] and

attached the ARA as Exhibit A to his Complaint. The ARA contains a valid and

mandatory arbitration provision which provides, in pertinent part:

> In the event of any claim or dispute between Client and LHDR related
> to the Agreement or related to any performance of any service related
> to this Agreement, such claim or dispute shall be submitted to binding

---

6.      *See* Fed. R. Civ. P. 56(b) advisory committee note to 2010 amendments.
7.      *See, e.g.,* Fed. R. Civ. P. 56(d).
8.      Complaint DE 1-3, ¶ 28; *see also* Jeffrey Hyslip Declaration attached hereto as Exhibit A.

4

Response in Opposition to
Motion for Partial Summary Judgment
*Stewart v. LHDR, et al*

arbitration upon the request of either party upon the service of that request.[9]

So, as an initial matter, because the parties agreed to arbitrate their claims, this Court should dismiss this matter and direct Stewart to pursue arbitration as he agreed, and Defendants responsive pleadings will ask for that relief.

Further, because Stewart asserts a claim for declaratory relief and contends that the ARA is "an agreement to perform illegal activities and that the **entire Contract** and all of its terms are therefore *void ab initio*,"[10] his attack on the whole agreement must be arbitrated. The law is very well established that when a party challenges the contract "as a whole," and the contract contains an arbitration provision, then the issue of the contract's validity **must** be decided by the arbitrator, and **not** the court.

The U.S. Supreme Court made clear in *Buckeye Check Cashing, Inc. v. Cardegna*,[11] under the Federal Arbitration Act ("FAA"):

> "**[T]he issue of the contract's validity is considered by the arbitrator in the first instance.**"[12]

Indeed, North Carolina, as well as, the Fourth Circuit Court of Appeals adhere strictly to this rule, and recognize that:

---

9.     See Exhibit A to Complaint DE 1-3; *see also* Jeffrey Hyslip Declaration attached hereto as Exhibit A.
10.     Complaint DE 1-3, ¶ 58 (emphasis added).
11.     546 U.S. 440, 444 (2006).
12.     *Buckeye Check Cashing*, 546 U.S. at 445-46 (emphasis added).

5

Response in Opposition to
Motion for Partial Summary Judgment
*Stewart v. LHDR, et al*

> "Where a party challenges the enforceability or validity of the contract containing the arbitration clause as a whole, it is within the *exclusive jurisdiction* of the arbitrator to determine those claims."[13]

Because it is abundantly clear in the instant case that Stewart challenges the ARA "as a whole,"[14] and not the arbitration provision specifically, the issue is in the *sole* jurisdiction of the arbitrator.

Further, in Stewart's Motion, he tacitly concedes that this case must proceed in arbitration as the relief he seeks therein is "a judgment for [Stewart] as to Count I of his Complaint declaring the [ARA] void for illegality . . ."[15] A request for such relief, mandates that the case proceed in arbitration and not in court. Thus, this Court does not have subject matter jurisdiction to entertain Stewart's Motions, and Defendants will be filing a motion to compel arbitration.[16]

## B. Stewart's Complaint must be dismissed under Fed. R. Civ. P. 12.

Even if this Court does not deny Stewart's Motion because the parties agreed to arbitrate, which it should, the Court should deny Stewart's Motion

---

13.    *Eddings v. Southern Orthopaedic and Musculoskeletal Associates, P.A.*, 605 S.E. 2d 680, 684 (N.C. Ct. App. 2004) ("a trial court has jurisdiction to stay arbitration proceedings pursuant to contract only upon grounds that 'relate specifically to the arbitration clause and **not** just to the contract as a whole.'" (Emphasis added).); *see also Senior Management, Inc. v. Capps*, 240 Fed. Appx. 550, 553 (4th Cir. 2007) ("If the plaintiff asserts fraud in the inducement of the contract **as a whole**, the district court must defer the matter to an arbitrator to determine the validity of the claim." (Emphasis added).)

14.    *See* Declaration of Jeffrey Hyslip attached hereto as Exhibit A.

15.    DE 7 p. 4. Count I of the Complaint is for declaratory judgment.

16.    Even if this Court eventually denies Defendants' motion to compel arbitration, under the FAA, such denials are immediately appealable. Thus, Defendants would have the opportunity to appeal, thus, evidencing even further the prematurity of Stewart's Motion.

Response in Opposition to
Motion for Partial Summary Judgment
*Stewart v. LHDR, et al*

because it is premature.[17] Federal courts sitting within the Fourth Circuit have held that motions for summary judgment are premature when, as here, discovery and development of the record have not yet occurred.[18] It is a waste of judicial resources to require briefing on the Motion and for this Court to consider and attempt decide Stewart's Motion prior to an answer and affirmative defenses being filed; or before the Court considers Defendants' motion to compel arbitration, alternatively, the Defendants' motion to dismiss.

The Court has not yet entered a scheduling order and no discovery has yet been conducted. Indeed, Defendants have not yet had the opportunity to respond to the allegations contained in Stewart's Complaint. Because so much of Plaintiff's Motion for Summary Judgment is rested upon the allegations of an un-sworn Complaint and since Defendants have not answered that Complaint, there are no admissions in the pleadings of those unsworn allegations. Further, Defendants have not yet asserted their affirmative defenses which will raise factual matters which would be contrary to the relief now requested by Plaintiff. Thus, Stewart cannot satisfy the Rule 56 burdens at this stage of the proceedings. For instance, Stewart has a claim for a violation of the North Carolina's Unfair and Deceptive Trade

---

17. *See* Fed. R. Civ. P. 56(b) and 56(c)(1) advisory committee notes to 2010 amendments.

18. *See e.g., Walter Kidde Portable Equipment, Inc. v. Universal Security Instruments, Inc.*, No. 1:05CV1031, 2007 WL 1074606, at *3 (M.D.N.C. Apr. 3, 2007) (holding that a motion for partial summary judgment was premature prior to discovery or development of the record); *see also Westbrook v. U.S.*, 2010 WL 114003, at * 4 (N.D.W.Va. Jan. 8, 2010) ("This Court agrees with the magistrate judge that the summary judgment motion, at this time, is premature, as it cannot assess whether genuine issues of material facts exist without the defendant's answer.").

Response in Opposition to
Motion for Partial Summary Judgment
*Stewart v. LHDR, et al*

Practices Act, which does not apply to the professional conduct of "learned professions" such as lawyers.[19] Thus, any attempt by Plaintiff to argue that that there "is no genuine dispute"[20] as to certain facts is presumptuous at best and not accurate. To the contrary, although there may very well be some undisputed facts (which Defendants will likely bring to the Court's attention in its dispositive motions), most, if not all, of the facts listed as undisputed in the Motion, are indeed disputed[21] – Defendants have simply not yet made their answers or raised affirmative defenses, a step which will demonstrate that there are disputed factual and legal allegations. Counsel for Plaintiff could have anticipated this when filing the instant motion weeks before the stipulated deadline for Defendants responsive pleadings. As stated *supra*, the response deadline is currently September 9, 2011. It would, thus, be premature for this Court to consider the Motion for Partial Summary Judgment prior to the filing papers responsive to the Complaint.

As will be shown in greater detail in Defendants' dispositive motions, Stewart's Complaint must be dismissed in its entirety for the following reasons: (1) this Court lacks personal jurisdiction over Hyslip; (2) Stewart fails to state a plausible claim for relief under any of his asserted theories of liability against

---

19.      *See* footnote 4 *supra* and authority cited therein.

20.      DE 7 p. 2.

21.      For example, Stewart alleges in the Motion that no manager of LHDR is a licensed North Carolina attorney. He alleges the same in paragraph 44 of the Complaint. LHDR has not yet had a chance to respond and dispute this allegation, thus, it is premature and improper for Stewart to assert that such fact is not disputed.

8

Response in Opposition to
Motion for Partial Summary Judgment
*Stewart v. LHDR, et al*

Hyslip; (3) Stewart fails to state a plausible claim for relief under any of his asserted theories of liability against CDS; (4) Stewart fails to state a plausible claim for relief under any of his asserted theories of liability against LHDR and Carol; (5) Defendants are exempt from North Carolina Unfair and Deceptive Trade Practices Act; (6) there is no private right of action under the North Carolina Debt Adjusting Law; and (7) if applied to Defendants, as Stewart urges in his Complaint, the North Carolina Debt Adjusting Law is unconstitutional.

Finally, Stewart bears an affirmative burden to demonstrate by admissible evidence that no fact necessary to the relief requested is subject to genuine dispute. Even if Defendants had already filed answers to the Complaint, assertions in an unverified complaint are not admissible evidence unless they are admitted by the party opposing the motion. A sworn affidavit from Stewart asserting receipt of documents is not competent to establish the truth of any fact asserted in those documents received, as such is outside his personal knowledge. Matters submitted for judicial notice of facts asserted upon non-authenticated copies of pages downloaded from websites which disclaim the downloadable information as not certified or official information, etc., are not admissible evidence. Thus, not only has Stewart not and cannot show at this time that there is no dispute as to material facts, Stewart has not shown his version of the material facts to be established by admissible evidence.

Response in Opposition to
Motion for Partial Summary Judgment
*Stewart v. LHDR, et al*

Given that: i) Stewart's Motion relies upon factual assertions that are not established by the pleadings (as Defendants have not yet responded to the Complaint) nor by other admission and therefore are not admissible beyond the contents of Stewart's affidavit; ii) the exhibits to Stewart's affidavit are not authenticated by Stewart and therefore the contents of those docs are not admissible at this point; iii) the factual assertions necessary to Stewart's Motion are reliant upon judicial notice, but many of the matters asserted in Stewart's Motion for Judicial Notice are clearly not appropriate for judicial notice; and iv) the Court has accepted the representations of Defendants counsel that counsel needs more time to develop the Defendants' responses to the Complaint, all of which is consistent with Defendants' contention that that the Motion for Partial Summary Judgment  is premature, it goes hand in hand that Defendants cannot fully  respond  to the Motion for Partial Summary Judgment at this time. Accordingly, undersigned counsel for Defendants is likely to supplement this response with matters to be developed upon further investigation.

### III.   <u>CONCLUSION</u>

As Stewart's Motion for Partial Summary Judgment is at best premature and clearly fails to demonstrate a lack of genuine issue as to the material facts necessary for the declaratory relief requested or to offer admissible evidence to

Response in Opposition to
Motion for Partial Summary Judgment
*Stewart v. LHDR, et al*

establish those material facts, Stewart's Motion for Partial Summary Judgment should be denied.

Respectfully submitted,

/s/ Richard W. Epstein
Florida Bar No. 229091
/s/Rebecca F. Bratter
Florida Bar No. 685100
*Attorneys for Defendants*
GREENSPOON MARDER, P.A.
Trade Centre South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309
954.491.1120 (Telephone)
954.343.6958 (Fax)
Richard.Epstein@gmlaw.com
Rebecca.Bratter@gmlaw.com
*Admission for Pro Hac Vice Pending*

/s/Mark C. Kurdys
N.C. Bar No. 13374
*Attorneys for Defendants*
ROBERTS & STEVENS, P.A.
Post Office Box 7647
Asheville, N.C. 28802
(828) 252-6600
mkurdys@roberts-stevens.com

11

Response in Opposition to
Motion for Partial Summary Judgment
*Stewart v. LHDR, et al*

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has on this 11th day of August, 2011 served the foregoing Response in Opposition to Plaintiff's Motion for Partial Summary Judgment in the above entitled action upon all parties to this cause by U.S. Mail and/or the ECF electronic notification system for registered users to the attorney(s) of record as listed:

Stuart Sloan, Esq.
Attorney for Plaintiff
53 E. Main Street, Suite B
Franklin, NC 28734
Tel. 828-634-1115
Email: sloan.stu@gmail.com

*By CM/ECF, NEF Filing*

/s/ Mark C. Kurdys
N.C. Bar No. 13374

/s/Richard W. Epstein
Florida Bar No. 229091
/s/Rebecca F. Bratter
Florida Bar No. 685100
*Admission for Pro Hac Vice*

*Attorneys for Defendants*

6473740_1.DOCX