# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:11cv26

| | |
|---|---|
| ROBERT STEWART, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LEGAL HELPERS DEBT ) | |
| RESOLUTION, PLLC, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court are Plaintiff's Motions to Reopen Case [# 56 & # 70]. Plaintiff moves to reopen this case and to lift the Court ordered stay of these proceedings. The Court **GRANTS in part** the motions [# 56 & # 70].

**I.    Procedural Background**

Plaintiff brought this action in state court asserting claims on behalf of a class of individuals stemming from the debt settlement activities of Defendants. Defendants then removed the case to this Court. After the case was removed to this Court, Plaintiff moved for partial summary judgment, and Defendants filed two Motions to Dismiss and a Motion to Compel Arbitration. Subsequently, the District Court granted the Motion to Compel Arbitration and Compelled Plaintiff to arbitrate his individual claims against the Defendants. (Order, Jun. 1, 2012, at

-1-

18.) The District Court stayed the class claims pending arbitration and denied as moot all the remaining motions. (Order, Jun. 1, 2012, at 18-19.)

After the commencement of arbitration, Plaintiff entered into a settlement agreement with Defendants Legal Helpers Debt Resolution, PLLC, Jeffrey Hyslip, Linda Carol, Macey Aleman, and Hyslip & Searns (the "Settling Defendants") resolving all of Plaintiff's individual claims against these defendants. The arbitration, however, proceeded as to the claims asserted against Defendant CDS Client Services, Inc. ("CDS"). On June 13, 2013, the arbitrator entered an arbitration award resolving the claims asserted by Plaintiff against Defendant CDS Client Services, Inc.

Plaintiff now moves the Court to reopen this case to allow him to confirm the arbitrator's award and to file a voluntary dismissal of his individual claims against the Settling Defendants. Plaintiff also requests that the Court lift the stay of the class claims. It appears that Plaintiff wants to proceed as class representative for the class action claims despite settling his individual claims. Defendants do not oppose reopening this case to allow Plaintiff to confirm the arbitration award and dismiss the individual claims against the Settling Defendants. Defendants, however, oppose allowing the class claims to go forward. The District Court referred the motions to this Court, and the motions are now properly before

the Court.

**II.     Analysis**

As a general rule, when the named plaintiff in a class action settles his or her individual claims or the individual claims become moot prior to the district court certifying a class, the district court should dismiss the class claims as moot because there is no case or controversy under Article III of the United States Constitution. See Pettrey v. Enter. Title Agency, Inc., 584 F.3d 701, 703 n.1 (6th Cir. 2009) ("because a class action had not been certified at the time the [named plaintiffs] settled their claims, this case is moot"); Anderson v. CNH U.S. Pension Plan, 515 F.3d 823, 826 (8th Cir. 2008) ("In a class action, dismissal on mootness grounds normally is required when the named plaintiffs' claims become moot prior to a decision on class certification."); Grant v. Gilbert, 324 F.3d 383, 389-390 (5th Cir. 2003) (acknowledging general rule that class claims become moot when the personal claims of the named plaintiffs are satisfied prior to class certification); Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003) ("a federal court should normally dismiss an action as moot when the named plaintiff settles its individual claim, and the district court has not certified a class."); Brown v. Philadelphia Hous. Auth., 350 F.3d 338, 343 (5th Cir. 2003) (acknowledging general rule that when the named plaintiff's claims become moot prior to the

certification of a class, dismissal of the entire action is required); Comer v. Cisneros, 37 F.3d 775, 798 (2nd Cir. 1994) ("[I]n general, if the claims of the named plaintiffs become moot prior to class certification, the entire action becomes moot."); see also Genesis Healthcare Corporation v. Symczyk, 133 S. Ct. 1523, 1528 (2013) (addressing collective-action claims under the FLSA and recognizing the general principal that the collective-action claims become moot when the individual claims become moot); Toms v. Allied Bond & Collection Agency, Inc., 179 F.3d 103, 105-07 (4th Cir. 1999). "If a voluntary settlement is reached before the decision on class certification, the court is likely to find the action moot unless a substantive exception to mootness . . . applies." 1 William B. Rubenstein, Newberg on Class Actions, § 2:16 (5th ed. 2011). There are, however, exceptions to this general rule.

In certain circumstances a named plaintiff will be allowed to appeal the denial of a motion to certify a class despite the fact that he or she settled the individual claims *after* the district court denied the motion. Compare Richards v. Delta Air Lines, Inc., 453 F.3d 525, 529 (D.C. Cir. 2006) (holding that jurisdiction over appeal of district court's refusal to certify class was proper), with Toms, 179 F.3d at 106-07 (holding that jurisdiction was not proper because the settlement by the named plaintiff extinguished his entire interest in the case). The relation back

doctrine will also apply in cases where a named plaintiff's claims are inherently transitory. See Symczyk, 133 S. Ct. at 1528 n.2. Finally, some courts have found that a Rule 68 offer of judgment made prior to a ruling on a motion to certify a class that fully satisfies a named plaintiff's claim does not necessary moot the class claims. See e.g. Weis v. Regal Collections, 385 F.3d 337, 348 (3rd Cir. 2004); but see Damasco v. Clearwire Corp., 662 F.3d 891, 895-96 (7th Cir. 2011) (collecting cases).

Here, Plaintiff voluntarily settled his claims against the Settling Defendants and obtained an arbitration award as to Defendant CDS prior to even filing a motion for class certification. The settlement of his individual claims and the entry of the arbitration award would generally moot any class claims Plaintiff may have and dictate that the District Court dismiss the remaining class claims as moot. Moreover, it appears to the Court that no exception to this general rule would apply in this case. The exception related to Rule 68 offers of judgment would have no bearing on this case, no intervener has stepped in to fill Plaintiff's shoes, and the claims are not inherently transitory. In addition, Plaintiff has not provided the Court with any authority that could support some other application of the relation back doctrine to the facts of this case. See e.g. Comer, 37 F.3d at 799 (applying the relation back doctrine under unique facts of the case before it).

The Court, however, will reserve ruling on whether the remaining class claims are moot because there is no motion to dismiss pending before the Court, the case is still closed, and the class action claims are stayed. All of the parties agree that the Court should, at a minimum reopen this case to allow Plaintiff to perfect the settlement and the arbitration agreement. Accordingly, the Court Grants the motions [# 56 & # 70] to the extent they seek to reopen this case.

### III. Conclusion

The Court **GRANTS in part** the motions [# 56 & # 70]. The Court **DIRECTS** the Clerk to **REOPEN** this case. The stay as to the class claims shall remain in place. Defendants may move to dismiss the remaining class claims within ten (10) days of the reopening of this case. Upon the filing of a motion to dismiss, the Court will enter a Memorandum and Recommendation to the District Court addressing the issue of whether the class claims are moot and whether dismissing the class action claims without prejudice is required. Finally, the Court **DIRECTS** the parties to confer by telephone or in person prior to the filing of any new motions in this case in order for the parties to consider whether any agreement as to the complete resolution of this case without a Memorandum and Recommendation from this Court is possible.

Signed: January 4, 2014

Dennis L. Howell
United States Magistrate Judge